Argued October 17, affirmed November 25, 1919.

# JOYNER v. CROWN WILLAMETTE PAPER CO.

(185 Pac. 299.)

**Appeal and Error—Review of Weight of Evidence.**

1. Under Constitution, Article VII, Section 3, as amended in 1911, the Supreme Court is prohibited from passing upon the comparative weight of the evidence adduced on a trial.

**Limitation of Actions—Evidence Showing Action for Injury not Barred.**

2. In an action by a servant for personal injury, evidence *held* sufficient to sustain a finding that plaintiff was injured in January, 1916, and not in December, 1915, so that limitations had not run.

From Clackamas: James U. Campbell, Judge.

Department 1.

This is an action for damages alleged to have been received by plaintiff while working as an employee of defendant in its mill at Oregon City.

The complaint alleged that by reason of certain negligent omissions of defendant, plaintiff was injured in his back, whereby he sustained damages in the sum of $2,899.99; that said accident occurred on January 3, 1916. The complaint was filed December 26, 1917. The defendant answered by a general denial, and also pleaded the statute of limitations, alleging that the accident occurred on the third day of December, 1915, and was therefore barred by the provisions of Section 8, L. O. L., Chapter 2, which provides a limitation of two years in this class of actions.

There was a jury trial and a verdict and judgment for plaintiff for $1,500, from which defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Bert W. Henry* and *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. Henry.*

For respondent there was a brief over the name of *Messrs. Brownell & Sivers,* with an oral argument by *Mr. Charles T. Sivers.*

McBRIDE C. J.—While the objection urged upon the appeal is presented here, as it was to the court below, in many different forms, the real objection is directed to the one central proposition, namely: Was there *any* evidence to justify the verdict? It is not contended that there was an absence of evidence tending, at least in some degree, to show that plaintiff was injured and that the negligence of defendant contributed to the injury. It is claimed that defendant conclusively showed that the injury occurred in December, 1915, instead of January, 1916; that there was no evidence to show that it occurred in January, 1916, and that, therefore, defendant's plea of the statute of limitations was sustained.

1. Article VII, Section 3, of our Constitution, as amended in 1911, among other things, provided that "no fact tried by a jury shall be otherwise re-examined in any court of the State, unless the court can affirmatively say there is no evidence to support the verdict." Under this provision the appellate court is prohibited from passing upon the comparative weight of the evidence adduced, and it is necessary only to consider the evidence on behalf of plaintiff in the case at bar to determine whether there was *any* evidence tending to show that the accident occurred in January, 1916. Plaintiff's testimony on this subject is as follows:

"Q. What were you doing on or about the third day of January, 1916?

"A. Trucking at the Crown-Willamette Pulp & Paper Company.

"Q. At their mill, where?

"A. On this side of the river, at the old crown.

"Q. In Oregon City, Oregon?

"A. Yes, sir.

"Q. Just tell the jury what occurred on that day at your work.

"A. Well, I went to work at 12 o'clock—

"Q. At night?

"A. At night. [Plaintiff then described how he received his injuries on that night.]

"Q. I said you visited the doctor on December 3d, the day of the injury?

"A. No, sir, not to my knowledge. It was January 3, 1916.

"Q. January 3, 1916?

"A. Yes, sir; that was the time. I remember it.

"Q. That was the date of the injury?

"A. Yes, sir.

"Q. January 3, 1916?

"A. Yes, sir; that is my best knowledge of it."

On cross-examination the witness testified as follows:

"Q. You were in his office [referring to the office of the physician who attended him] on December 3d, the day of the injury?

"A. Yes, sir, that morning.

"Mr. Sivers (of Counsel for Plaintiff): I don't think he understood that question.

"A. Witness: No, sir, I don't understand you.

"Q. I said that you visited the doctor on December 3d, the day of the injury.

"A. No, sir, it was January 3, 1916.

"Q. January 3, 1916?

"A. Yes, sir, that was the time. I remember it.

"Q. That was the date of the injury?

"A. Yes, sir.

"Q. January 3, 1916?

"A. Yes, sir, that is my best knowledge of it."

Plaintiff's wife testified that "as near as she could remember" the injury occurred on the morning of

January 3, 1916, that she could be mistaken as to the date, but did not think so.

2. This was practically all the evidence introduced by the plaintiff as to the date of the accident. We assume that no lawyer would say that at the close of this testimony there was no evidence to submit to the jury, which tended to show that the plaintiff was injured on January 3, 1916. In the absence of contradictory evidence that fact was established almost conclusively.

This testimony was flatly contradicted by the records kept by the clerk in the office of the physician, to whom plaintiff applied for treatment, by the books of the defendant and by the oral testimony of several witnesses, but the fact remains that this is a case where there was contradictory testimony, the value and effect of which the jury were the sole judges.

No question is made as to the fairness of the instructions. The jury saw fit to believe the testimony of the plaintiff and his wife, as to the date of the injury, and to reject that offered by the defendant; and to disturb their verdict on the ground that they refused to find in conformity with the great preponderance of the evidence would be for this court to do just what the constitutional provision above quoted says we shall not do, namely: re-examine the case for the purpose of weighing contradictory evidence.

We feel ourselves bound by the verdict both as to the date of the injury and the amount of damages awarded. The judgment is affirmed.    AFFIRMED.

BURNETT, BENSON and HARRIS, JJ., concur.